**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE PETITION OF HONEY ISLAND ADVENTURE, L.L.C., AS OWNER OF GATOR BAIT IV, AND HER ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | * * * * * * * | **CIVIL ACTION NO.:** <br> **JUDGE:** <br> **MAGISTRATE:** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PETITION FOR EXONERATION FROM, OR**
**ALTERNATIVELY, LIMITATION OF LIABILITY**

Honey Island Adventures, L.L.C. (hereinafter referred to either as "Honey Island" or the "Petitioner"), as owner of the GATOR BAIT IV, its engines, tackle, appurtenances, furniture, etc., files this verified Petition for Exoneration from, or Alternatively, Limitation of Liability (hereinafter the "Petition"),[1] under the Limitation of Liability Act, 46 U.S.C. §§ 30501 – 30512 (hereinafter the "Act"), and respectfully represents as follows:

1.

This is an admiralty and maritime claim within Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1333.

2.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims because the GATOR BAIT IV is located within this Court's judicial district.

---

[1] *See* Verification of Mr. Jeffery L. Rogers attached hereto as Exhibit "A."

3.

The Petitioner, Honey Island, is a Louisiana limited liability company, with its principal place of business at 55345 Highway 90 East, Slidell, Louisiana 70461, and is, and at all times material, was, the owner and operator of the GATOR BAIT IV.

4.

The GATOR BAIT IV was an all welded aluminum, U.S. Coast Guard Certified, passenger vessel, serving as a swamp touring vessel, and was twenty-four (24) feet long with a Hull Identification No. AOX01513C303 and Louisiana State Registration No. LA 9908 FG

5.

The GATOR BAIT IV has not been attached or arrested and is located in the inland waters in the State of Louisiana, within the territorial limits of this Court.

6.

On or about the morning of March 6, 2016, at approximately 9:45 a.m., the GATOR BAIT IV was south bound on the Pearl River near Slidell, Louisiana carrying twenty (20) passengers for a tour of the Honey Island Swamp, the Pearl River tributary system, and other attractions in those areas.

7.

As the GATOR BAIT IV was navigating the Pearl River, it came in contact with another vessel, which was traveling north bound in the Pearl River (hereinafter the "Collision"), which, based upon information and belief, was owned and operated by Eco Tours New Orleans, L.L.C. (hereinafter "Eco Tours") and was also conducting swamp tours.

8.

The Eco Tours' vessel was solely at fault for the Collision for several reasons, including but not limited to, embarrassing the GATOR BAIT IV's navigation, traveling at an unreasonably high rate of speed, and making sudden and unpredictable maneuvers.

9.

At all times material, the GATOR BAIT IV was seaworthy, tight, staunch, strong and properly manned, equipped, and supplied, and fit for the services in which it was engaged.

10.

The Collision at issue, and any and all losses, damages or injuries resulting therefrom, were occasioned or occurred without the privity or knowledge of Honey Island, its officers, directors, shareholders, members, or managers, at or prior to the commencement of the voyage.

11.

As a result of the Collision at issue, certain passengers have made claims against Honey Island, and others may make claims in the future. At this time, the persons or entities known to have potential claims are:

a. Raydelle Ann Bruentrup;
b. William Herbert Bruentrup;
c. Kayleigh Etta Nichols Belair Bruentrup;
d. John Joseph Coyle;
e. Werner Kraus;
f. Marion Kitzman Kroth;
g. Rainer Kroth;
h. Mike Lancaster;
i. Anita Latin;
j. Ray Lewis;
k. Zona Lewis;
l. Mark Lindorff;
m. James Lofgren;
n. Harpal Maan;
o. Lynn Maines;
p. Chris Marr;

q. Rob Marsett;
r. Susan Marsett;
s. Tim Mathy;
t. Kathy McGarry;
u. Pat McGarry;
v. Andrea Meermeier; and
w. George Meermeier.

12.

Honey Island avers that the fair market value of the GATOR BAIT IV at all times material, did not exceed TWENTY-FIVE THOUSAND FIVE HUNDRED AND NO/100 ($25,500.00) DOLLARS. *See* Affidavit of Tim J. Anselmi, attached hereto as Exhibit "B."

13.

The GATOR BAIT IV sustained damages as a result of the Collision, in the amount of $1,945.54, for which Eco Tours is liable and responsible. *See* Invoice of Specialized Welding & Fabrication, attached as Exhibit "C."

14.

The GATOR BAIT IV was only carrying passengers at the time of the Collision at issue and, therefore, there was no pending freight.

15.

Honey Island anticipates and believes that the claims made or that may be made in the future may exceed the value of the GATOR BAIT IV plus its claim for damages against Eco Tours.

16.

Honey Island asserts and claims that it should be exonerated from all liability but, alternatively, in the event Honey Island is held liable, which liability is denied, said liability

should be limited to—should not exceed—the value of the GATOR BAIT IV plus its claim for damages against Eco Tours.

17.

Honey Island has filed contemporaneously herewith an Ad Interim Stipulation, attached as Exhibits "D," in appropriate form, for the payment into the Court for the amount of Honey Island's interest in the GATOR BAIT IV, plus its claim for damages against Eco Tours, together with interest at the rate provided by law from the date of said Ad Interim Stipulation and for costs; additionally, Honey Island is prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under the Order of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

18.

This petition was filed within six (6) months of receipt of a claim in writing.

19.

Honey Island alleges that it has a valid defense on the facts and under the law, and, as owner of the GATOR BAIT IV at all times of the alleged accident, without admitting, but affirmatively denying all liability, claims, the benefit of limitation of liability provided for in the Limitation Act, the law, and various statutes supplemental thereto.

20.

Honey Island requests the right provided by the Act, to have all claims and issues concerning the alleged accident in question determined in a single proceeding before this Court sitting in admiralty, prays for all equitable relief, including an Order enjoining the prosecution of any claims outside the concursus proceeding prayed for in this Petition.

WHEREFORE, the Petitioner, Honey Island Adventure, L.L.C., prays:

A. That this Court accept the Ad Interim Stipulation as security for the GATOR BAIT IV in the amount of TWENTY-SEVEN THOUSAND FOUR HUNDRED FOURTY-FIVE and NO/100 ($27,445.54) DOLLARS and cause the attached Order approving the Ad Interim Stipulation to be issued;

B. That this Court make an Order, which is also attached hereto and filed herewith, directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage, or loss occasioned, or incurred by, or resulting from the aforesaid casualty or other occurrences, as hereinabove described, or during the voyage on which the GATOR BAIT IV was engaged, citing them and each of them to file their respective claims with the Clerk of this Court, and to serve copies of said claims upon the attorney for Honey Island on or before the time fixed by this Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a Commissioner or this Court as this Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules, and practices of this Court at or before a certain time to be fixed by the monition;

C. That this Court issue an injunction to restrain the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained, arising out of, or resulting from the incident or other occurrences, as hereinabove described, or during the voyage on which the GATOR BAIT IV was then engaged, and restraining the commencement of prosecution thereof of any suit, action, or legal proceeding of any nature or description whatsoever, except in the present proceedings, against Honey Island or its agents or representatives or any other person whatsoever for whom Honey Island may be responsible or the GATOR BAIT IV in respect to

any claim or claims arising out of the aforesaid voyage of the GATOR BAIT IV on or about March 6, 2016, along with the aforesaid alleged accident;

D. That this Court, assuming that a claim or claims will be filed against Honey Island as well as the GATOR BAIT IV in this proceeding, adjudge as follows:

i. That Honey Island is not liable to any extent for any loss of life, injury, destruction, property damage, or loss, or for any claim whatsoever in any way arising out of or consequent upon the aforedescribed accident;

ii. Alternatively, if Honey Island shall be adjudged liable, that such liability be limited to the amount or value of Honey Island's interest in the GATOR BAIT IV immediately after the voyage in which the alleged accident took place, plus its claim for damages against Eco Tours, and that the money paid or secured to be paid as aforesaid be divided *pro rata* among such claimants as may duly prove their claims, if any, before this Court or a Commissioner, if one be appointed, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Honey Island from all further liability; and

E. Honey Island has such other and further general and equitable relief as the justice of this cause may require and this Court grants.

Respectfully Submitted:

/s/ Joseph A. Devall, Jr.
**JOSEPH A. DEVALL, JR. (#29149)**
**MICHAEL J. CERNIGLIA (#29792)**
**KING, KREBS & JURGENS, PLLC**
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone: (504) 582-3800
Fax: (504) 582-1233
Email: jdevall@kingkrebs.com
mcerniglia@kingkrebs.com
*Attorneys for Honey Island Adventures, L.L.C.*