UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF HONEY ISLAND ADVENTURE, L.L.C. | CIVIL ACTION<br><br>NO. 16-6940<br>c/w 16-10728<br>SECTION: "G"(5) |

**ORDER**

Before the Court is Neil Benson d/b/a Pearl River Eco Tours, as Owner and Operator of the M/V SASQUATCH's ("Pearl River") "Motion to Set Aside Default Judgment."[1] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion.

On May 24, 2016, Honey Island Adventure, LLC, as owner and operator of M/V GATOR BAIT IV ("Honey Island"), filed a Petition for Exoneration From, or Alternatively, Limitation of Liability in connection with all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the voyage of the M/V GATOR BAIT IV on March 6, 2016.[2] On June 1, 2016, this Court ordered that notice be issued requiring all persons asserting claims with respect to which the Complaint seeks exoneration or limitation to file their respective claims with the Clerk of Court on or before July 15, 2016.[3] In response, Pearl River filed two claims with the Clerk of Court. It

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1 at 2.

[3] Rec. Doc. 5.

1

filed its first claim with the Clerk of Court on July 14, 2016,[4] and filed its second claim on July 15, 2016.[5] On July 18, 2016, the Clerk's Office marked Pearl River's second claim as "deficient" and indicated that "another attorney represents this party."[6] The Clerk's Office instructed Pearl River to re-file the document by July 25, 2016.[7] Pearl River timely re-filed the claim on July 22, 2016.[8] On July 22, 2016, Honey Island filed an *ex parte* motion for default judgment as to any and all parties who had not filed a claim in the proceedings.[9]

On August 2, 2016, the Court granted Honey Island's motion and ordered that all other persons or entities, other than Pearl River and eight other claimants, were barred from entering a claim against Honey Island arising out of the incident on March 6, 2016.[10] In its Order, the Court listed the claimants who had filed claims in response to Honey Island's petition and cited to the first claim filed by Pearl River.[11] However, in its Order, the Court did not cite to Pearl River's second claim.[12] Pearl River filed the instant motion on August 23, 2016, to set aside default judgment as to its second claim, which was filed on July 15, 2016, marked as deficient by the

---

[4] Rec. Doc. 6.

[5] Rec. Doc. 9.

[6] *See id.*

[7] *Id.* (citing Rec. Doc. 6).

[8] *See id.*

[9] Rec. Doc. 11.

[10] Rec. Doc. 12 at 3.

[11] *Id.* at 3 n.6.

[12] *Id.*

2

Clerk's Office on July 18, 2016, and re-filed on July 22, 2016.[13] Honey Island filed an opposition to the motion on September 8, 2016,[14] arguing that the claim was not timely filed and that Pearl River had not addressed the deficiency indicated by the Clerk of Court.[15]

Pursuant to the "Unique Procedures and Practices for Electronic Filing," which were established by the Eastern District of Louisiana and are part of the procedures mandated in Local Rule 5.7,[16] the Clerk's Office will notify all parties that a filed document is deemed deficient by way of a "Notice of Deficient Document."[17] Thereafter, "[a] deficient document must be corrected and re-filed in its entirety within seven (7) calendar days; otherwise, it may be stricken by the Court without further notice."[18] Here, Pearl River timely re-filed its claim after receiving notice of its deficient document from the Clerk's Office, and the Clerk's Office indicated that the deficiency had been resolved by terminating the deficient filing deadline.[19] Pearl River's claim was therefore timely filed by the deadline set forth in the Court's June 1, 2016, Order.[20]

---

[13] Rec. Doc. 14-1 at 2.

[14] Rec. Doc. 23.

[15] *Id.* at 2–3.

[16] *See Darouiche v. Fidelity Nat. Ins. Co.*, 415 Fed. App'x 548, 552 n.8 (5th Cir. 2011).

[17] *See* "Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings," at 9, United States District Court for the Eastern District of Louisiana (Mar. 2015).

[18] *Id.*

[19] *See* Rec. Doc. 10.

[20] *See Buchanan v. Circle K Stores, Inc.*, No. 14-2690, 2016 WL 1437144, at *2 n.18 (E.D. La. Apr. 12, 2016) (Brown, J.) (finding timely a plaintiff's motion that was filed by the applicable deadline, marked as deficient by the Clerk of Court, and then timely re-filed within seven days). *See also, e.g., Hartzog v. Cayo, LLC*, No. 12-2895, 2013 WL 2456377, at *2 (E.D. La. June 5, 2013) (Wilkinson, Mag.) (finding that filing date for timeliness purposes was earlier "deficient" filing date, where party filed deficient motion before applicable deadline and timely corrected the deficiency) (citing *Darouiche v. Fidelity Nat. Ins. Co.*, 415 Fed. App'x 548, 552 (5th Cir. 2011)).

The Court notes that in its August 2, 2016, Order granting Honey Island's motion for default judgment, it did in fact list Pearl River as one of the parties exempted from the default judgment.[21] However, the Court inadvertently did not cite to Pearl River's second claim in the list of claims that had been timely filed.[22] A district court may set aside a default judgment for good cause shown.[23] Because Pearl River's second claim was timely filed, the Court finds that good cause exists to set aside the default judgment as to Pearl River's second claim. Accordingly, the Court will grant Pearl River's motion and hereby amends its prior Order of August 2, 2016,[24] to include Pearl River's second claim.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Neil Benson d/b/a Pearl River Eco Tours, as Owner and Operator of the M/V SASQUATCH's ("Pearl River") "Motion to Set Aside Default Judgment"[25] is **GRANTED** to the extent that default judgment is set aside as to Pearl River's "Additional Claim

---

[21] Rec. Doc. 12 at 3.

[22] The Court also notes that Pearl River's second claim was filed into the record before Honey Island filed its *ex parte* motion for default judgment. However, Honey Island failed to include Pearl River's second claim in its list of the claims that had been filed in connection with the incident of March 6, 2006, or to notify the Court of the existence of Pearl River's second claim. *See* Rec. Doc. 11 at 1–2.

[23] *See* Fed. R. Civ. P. 55(c) (A district court may set aside a default judgment for "good cause" under Fed. R. Civ. P. 60(b)); Fed. R. Civ. P. 60(b) (A district court may relieve a party from a final judgment or order for, among other reasons, "mistake" or "any other reason that justifies relief."). *See also Drinnon v. Allstate Ins. Co.*, 88 Fed. App'x 9, 10 (5th Cir. 2004) (holding that a district court may consider factors other than those listed in Fed. R. Civ. Pro. 60(b) in determining whether to set aside a default judgment and that the decision to set aside a default judgment falls within the district court's "sound discretion") (internal citations omitted); *U.S. v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984) (reviewing district court's ruling on motion to set aside default judgment in a maritime action for abuse of discretion).

[24] Rec. Doc. 12.

[25] Rec. Doc. 14.

and Answer to Petition and First Amended Petition for Exoneration from, or Alternatively, Limitation of Liability."[26]

**NEW ORLEANS, LOUISIANA**, this 17th day of February, 2017.

                          **NANNETTE JOLIVETTE BROWN**
                          **UNITED STATES DISTRICT JUDGE**

---

[26] Rec. Doc. 10.