UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE PETITION OF HONEY ISLAND ADVENTURE, L.L.C.

CIVIL ACTION

NO. 16-6940
c/w 16-10728
SECTION: "G"(5)

## ORDER

Before the Court is Earl Mofield's ("Mofield") "Motion to Reopen Monition Period and Set Aside Default Judgment"[1] in which Mofield requests that the Court reopen the motion period for claims against Petitioner Neil Benson d/b/a Pearl River Eco Tours ("Pearl River"). No opposition to the motion has been filed. The Court has the authority to grant a motion as unopposed, though it is not required to do so.[2] Having considered the motion, the memorandum in support, and the applicable law, the Court will grant the motion.

## I. Background

On May 24, 2016, Honey Island Adventure, LLC, as owner and operator of M/V GATOR BAIT IV ("Honey Island"), filed a Petition for Exoneration From, or Alternatively, Limitation of Liability in connection with all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the voyage of the M/V GATOR BAIT IV on March 6, 2016.[3] On June 1, 2016, this Court ordered that notice be issued requiring all persons asserting claims with respect to which

---

[1] Rec. Doc. 35.

[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 1 at 2.

1

the Complaint seeks exoneration or limitation to file their respective claims with the Clerk of Court on or before July 15, 2016.[4] On July 22, 2016, Honey Island filed an *ex parte* motion for default judgment as to any and all parties who had not filed a claim in the proceedings.[5] On August 2, 2016, the Court granted Honey Island's motion and ordered that all other persons or entities, other than Pearl River and eight other claimants, were barred from entering a claim against Honey Island arising out of the incident on March 6, 2016.[6]

On June 17, 2016, Pearl River filed a Petition for Exoneration From, or Alternatively, Limitation of Liability in connection with any and all claims for losses, damages, deaths, injuries, or destruction that allegedly occurred on or about March 6, 2016, on the Pearl River at or near Slidell, Louisiana.[7] On July 6, 2016, the Court ordered that notice be issued requiring all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, to file their respective claims with the Clerk of Court on or before September 2, 2016.[8] On September 9, 2016, Pearl River filed an *ex parte* motion for default judgment as to any and all parties who had not filed a claim in the proceedings.[9] On October 3, 2016, the Court granted Pearl River's motion and ordered that all other persons or entities, other than the eight identified claimants, were barred from

---

[4] Rec. Doc. 5.

[5] Rec. Doc. 11.

[6] Rec. Doc. 12 at 3. The Court subsequently amended its Order to clarify that Pearl River brought two claims, rather than one, against Honey Island. *See* Rec. Doc. 31.

[7] Civ. A. No. 16-10728, Rec. Doc. 1.

[8] Civ. A. No. 16-10728, Rec. Doc. 7.

[9] Rec. Doc. 24.

entering a claim against Pearl River arising out of the incident on March 6, 2016.[10] The Court ordered that the two actions be consolidated on August 29, 2016.[11]

Mofield filed the instant motion on March 1, 2017, and it was set for submission on March 29, 2017.[12] No opposition to the motion has been filed.

## II. Mofield's Arguments

In the motion, Mofield asserts that he was at the helm of the M/V GATOR BAIT IV during the collision at issue and that he sustained personal injuries as a result.[13] Mofield admits that he did not file an answer and claim before the Court's deadline or prior to the Court entering default as to all potential claimants who had failed to file claims against Pearl River before the deadline.[14] However, Mofield argues that good cause exists to allow the belated filing of his answer and claim against Pearl River, because he did not receive notice of this limitation of liability action in the manner that the other injury claimants did.[15] Mofield asserts that the vessel owners sent letters informing the passengers on the vessels of the limitation proceedings but that he never received such a letter.[16] According to Mofield, he did not discover that a default had been entered in this action until February 9, 2017, when his counsel conferred with Honey Island's counsel.[17]

---

[10] Rec. Doc. 26.

[11] Rec. Doc. 16.

[12] Rec. Doc. 35-1 at 2.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 2–3.

[16] *Id.* at 2.

[17] *Id.*

Mofield asserts that Supplemental Rule F(4) of the Federal Rules of Civil Procedure provides that the court may "enlarge the time within which claims may be filed" for "cause shown" and that this determination is within the discretion of the district court.[18] According to Mofield the Fifth Circuit has held that late claims should be allowed as long as "the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected."[19] Mofield argues that his claims are not complicated and that his delayed answer and claim, if allowed, would not unfairly affect the other parties in this case, as the case is still in a relatively early stage.[20] Thus, Mofield requests that the Court reopen the monition period for the limited purpose of allowing him to file his answer and claim against Pearl River and set aside the default judgment in this matter.[21]

### III. Law and Analysis

Admiralty Rule F(4), which governs limitation actions, permits a court to extend the period for filing claims "for cause shown."[22] The Fifth Circuit has provided district courts with a three-step process to use in determining the presence of such cause: "(1) whether the proceeding is pending and undetermined; (2) whether granting the motion will adversely affect the rights of the

---

[18] *Id.* at 3.

[19] *Id.* at 3–4 (citing *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963)).

[20] *Id.* at 3.

[21] *Id.* at 5.

[22] Fed. R. Civ. P. Supp. R. F(4).

parties; and (3) the claimant's reasons for filing late."²³ The matter is within the Court's discretion and is to be based on an "equitable showing."²⁴

Considering the facts of this case, the Court finds that Mofield has made such an equitable showing. Mofield's failure to timely file an answer and claim was the result of a lack of notice rather than knowing delay. Specifically, the Court notes that it appears that the vessel owners sent letters to the passengers onboard the vessels but failed to send such a letter to Mofield, despite the fact that he was a former captain for Honey Island and was at the helm of M/V GATOR BAIT IV during the subject collision.²⁵ The Court further notes that this case is still pending with a trial date several months away and that there is no indication that the filing of Mofield's claims will lead to any delay. Moreover, Mofield's claims cannot be said to be unknown or surprising, because as noted *supra*, Mofield was a former captain for Honey Island and was at the helm of one of the vessels during the collision.²⁶ Thus, there is no indication that any other party will be prejudiced by permitting Mofield to file an answer and claim in this action. Accordingly, the Court finds that Mofield has shown sufficient cause to permit the filing of a late claim.

---

²³ *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349 (5th Cir. 1993) (*per curiam*). *See also Tex. Gulf*, 313 F.2d at 362–63 ("[W]e readily accept the guiding principle . . . that so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefor.") (internal citation and quotation marks omitted).

²⁴ *See Tex. Gulf*, 313 F.2d at 363.

²⁵ *See* Rec. Doc. 35-1 at 2. *See also* Rec. Doc. 29-1 (joint motion for status conference in which the parties state that Mofield was a former captain for Honey Island).

²⁶ *See id.*

Finally, the Court notes that Mofield also requests that the Court set aside the default judgment as to his claims in this matter pursuant to Federal Rule of Civil Procedure 55(c).[27] A district court may, in its discretion, set aside a default judgment for good cause.[28] Because Mofield did not receive notice of this action until after a default judgment was granted, the Court finds that good cause exists to set aside the default judgment as to Mofield's claims. Accordingly, the Court will grant Mofield's request to set aside the default judgment in favor of Pearl River[29] as to Mofield's claims.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Mofield's "Motion to Reopen Monition Period and Set Aside Default Judgment"[30] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 24th day of April, 2017.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[27] *See id.* at 1.

[28] *See* Fed. R. Civ. P. 55(c) (A district court may set aside a default judgment for "good cause" under Fed. R. Civ. P. 60(b)); Fed. R. Civ. P. 60(b) (A district court may relieve a party from a final judgment or order for, among other reasons, "mistake" or "any other reason that justifies relief."). *See also Drinnon v. Allstate Ins. Co.*, 88 Fed. App'x 9, 10 (5th Cir. 2004) (holding that a district court may consider factors other than those listed in Fed. R. Civ. Pro. 60(b) in determining whether to set aside a default judgment and that the decision to set aside a default judgment falls within the district court's "sound discretion") (internal citations omitted); *U.S. v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984) (reviewing district court's ruling on motion to set aside default judgment in a maritime action for abuse of discretion).

[29] Rec. Doc. 26.

[30] Rec. Doc. 35.